**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MAURICE WALKER,**
        **PETITIONER,**

 **vs.**                   **03-cv-550**

**JOSEPH T. SMITH, Superintendent**

        **RESPONDENT.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


## DECISION & ORDER

This *pro se* action brought pursuant to 28 U.S.C. § 2254 seeks habeas relief on the basis that: 1) Petitioner's constitutional rights to equal protection and due process were violated by the prosecutor's peremptory challenges excluding minority members from the trial jury panel; 2) Petitioner was denied a fair trial through a series of evidentiary rulings and prosecutorial misconduct; and 3) Petitioner's constitutional rights were abridged when the trial court refused to suppress his confession given to law enforcement. The action was referred to the Hon. David E. Peebles, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

The Report-Recommendation dated March 2, 2007 recommended that Petitioner's motion for habeas relief be denied and dismissed in

all respects.  Petitioner filed objections to the Report-Recommendation, essentially raising the same arguments presented to the Magistrate Judge.

When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  Id.

Having reviewed the record *de novo* and having considered the issues raised in the Petitioner's objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Peebles for the reasons stated in the Report-Recommendation.

The Court notes that, to the extent Petitioner's third claim is not procedurally barred,[1] he has failed to demonstrate that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as established by the Supreme Court, or resulted in a decision that was based on an unreasonably determination of the

---

[1] Petitioner argues that the trial court violated his rights by failing to suppress his confession on the grounds that it was made involuntarily.

2

facts.

The state court reasonably determined the following facts. After being questioned in the Staten Island police station, Petitioner was taken from Staten Island and brought to Albany on a parole warrant.  Petitioner was taken to the police station in Albany where he was advised of the parole violation charges.  The next morning, Petitioner was offered breakfast, taken from the holding cell at the police station, and brought to an interview room.  Once in the interview room, Petitioner was advised of his Miranda rights and questioned by detectives.  During this time, Petitioner was offered a soft drink.  Petitioner was presented with a statement that was typed and presented to him for signature. Petitioner was not wearing his glasses and, therefore, could not read the statement.  The detectives obtained eyeglasses and gave them to Petitioner.  Petitioner read portions of the statement aloud to satisfy the detectives that he could read with the eyeglasses provided to him.

Based on the facts found by the state court, the trial court reasonably concluded that Petitioner's statements were made voluntarily because he "was lawfully in custody, questioned by two police officers for approximately two hours in total at the Staten Island police station, for approximately two hours on September 6 and for approximately three hours on September 7, provided with food and drink at both Staten Island and in Albany, given an

3

opportunity to sleep overnight in the Albany lockup and he was permitted to make a telephone call. . . ." RA I at 69. This conclusion is not an unreasonable application of federal law, which law is accurately set forth in the Report-Recommendation at pp. 40-41.

It is therefore

**ORDERED** that Petitioner's writ of habeas corpus is **DENIED** and **DISMISSED.**

**IT IS SO ORDERED.**

Dated: May 23, 2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge